## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

TERMAINE BATEMAN and
BRANDI BATEMAN, on their own
behalf and on behalf of their minor child
ARIYANNA BATEMAN,

        Plaintiffs,

v.                                 CIVIL ACTION NO. 3:19-0449

CMH HOMES, INC. d/b/a CLAYTON HOMES,
a Tennessee Corporation, and
SOUTHERN OHIO CONSTRUCTION, LLC,
an Ohio Corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Currently pending before the Court is a Partial Motion to Dismiss filed by Defendant Southern Ohio Construction, LLC ("Southern Ohio"). *Mot. to Dismiss*, ECF No. 26, at 1. Specifically, Southern Ohio moves for dismissal of Count II of the Crossclaim filed by Defendant CMH Homes, Inc. ("CMH Homes") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* The motion is devoid of substantive legal analysis—indeed, it spans less than five full lines of text—but alleges that CMH Homes' claim for contribution is barred by West Virginia law. *Id.* CMH Homes did not file a Response in Opposition, leaving the Court to independently assess the motion that it now **DENIES** for the reasons set forth below.

# I. BACKGROUND

Though not directly relevant to the instant motion, the tangential significance of the underlying facts of this case leads the Court to briefly summarize them here.[1] On November 12, 2011, Plaintiffs Termaine and Brandi Bateman purchased a new prefabricated home from CMH Homes. *Am. Compl.*, ECF No. 18, at ¶ 7. CMH Homes contracted with Southern Ohio Construction to actually build the residence, which is situated on a plot of land in Putnam County, West Virginia. *Id.* at ¶¶ 1, 9. Plaintiffs soon became aware of several significant defects in the home, but neither CMH Homes nor Southern Ohio took action to correct the problems they had allegedly created. *Id.* at ¶¶ 11–12. In October 2018, Plaintiff Ariyanna Bateman—then just over three years old— began experiencing "excessive coughing, wheezing, [a] runny nose, shortness of breath, and chest congestion." *Id.* at ¶ 13. Ariyanna was eventually diagnosed with asthma, and her pediatrician "noted that something in the home must [be] causing the symptoms." *Id.* at ¶¶ 13–14.

This news prompted Plaintiffs to undertake a thorough investigation of their residence. *Id.* at ¶ 14. They soon discovered "a severe mold and moisture outbreak present throughout the house," and promptly requested that CMH Homes "send personnel to investigate the potential cause or causes of such an outbreak." *Id.* at ¶¶ 15–16. An independent examination revealed "severe flooding, moisture, and water intrusion problems," as well as "an improperly installed roof." *Id.* at ¶ 18. Plaintiffs also discovered the lack of a drain system under the home or a vapor barrier, both of which Plaintiffs had paid CMH Homes to install. *Id.* On February 19, 2019, Plaintiffs moved out of the residence to avoid and mitigate any future health risks. *Id.* at ¶ 20.

---

[1] When reviewing a motion to dismiss, the Court accepts as true the facts alleged in a complaint. *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

Plaintiffs filed this action on May 8, 2019 in the Circuit Court of Putnam County. *Compl.*, ECF No. 13-1, at 5. On June 12, 2019, CMH Homes timely removed Plaintiffs' suit to this Court by invoking its diversity of citizenship jurisdiction. *Notice of Removal*, ECF No. 1, at 1–2. Plaintiffs filed an Amended Complaint on November 13, 2019. *Am. Compl.*, at 1. The Amended Complaint is split into five counts, and raises claims for negligent construction, breach of the implied duty to construct buildings in a fit and workmanlike manner, fraud and intentional concealment, and civil conspiracy to commit fraud. *Id.* at ¶¶ 24–46. In response, CMH Homes filed an Answer to the Amended Complaint and a Crossclaim against Southern Ohio on December 23, 2019. *Answer & Crossclaim*, ECF No. 23. The Crossclaim contains two counts: one based on Southern Ohio's contractual agreement to indemnify CMH Homes from loss, and another asserting common-law rights to indemnification and contribution. *Id.* at 11–13. On January 17, 2019, Southern Ohio filed its Partial Motion to Dismiss. *Mot. to Dismiss*, at 1. While the issues have not been briefed, Southern Ohio's paper-thin motion is sufficiently clear to allow for the review this Court now undertakes.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure embrace a forgiving pleading standard requiring only that parties provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6), in turn, permits a defendant to move for a claim's dismissal where a pleading fails to "state a claim upon which relief can be granted." Where a pleading does not contain "enough facts to state a claim to relief that is plausible on its face," a "complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, where a pleading "nudge[s] . . . claims across the line from conceivable to plausible," dismissal is inappropriate. *Id.*

In considering a motion to dismiss based on Rule 12(b)(6), courts "must accept as true all of the factual and allegations contained in" a pleading. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Courts must also "draw all reasonable inferences" from those facts "in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal citations omitted). On the other hand, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In any event, a motion to dismiss will "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 942, 952 (4th Cir. 1992).

### III. DISCUSSION

As its length suggests, Southern Ohio's argument is simple: that Count II of CMH Homes' Crossclaim "fails to state a claim upon which relief can be granted since the adoption of W. Va. Code § 55-7-13a–d and the revised rules of several liability contained therein, under which contribution is not a separate cause of action that may be sustained against a co-defendant." *Mot. to Dismiss*, at 1. Southern Ohio's motion references the 2015 repeal of West Virginia's joint and several liability regime and its replacement with a new series of statutes providing that "[i]n any action for damages, the liability of each defendant for compensatory damages shall be several only and may not be joint." W. Va. Code § 55-7-13c(a). Under such several liability, a defendant is "liable only for the amount of compensatory damages allocated to that defendant in direct proportion to that defendant's percentage of fault." *Id.* In effect, this broad rule amounts to "the near total abolition of claims for contribution." *Clovis v. J.B. Hunt Transport, Inc.*, No. 1:18-cv-147, 2019 WL 4580045 (N.D.W. Va. Sept. 20, 2019). "Near" total abolition is not the same as total abolition, however. Relevant here, "joint liability may be imposed on two or more defendants

who consciously conspire and deliberately pursue a common plan or design to commit a tortious act or omission." W. Va. Code § 55-7-13c(a). The statute further provides that "[a]ny person held jointly liable . . . shall have a right of contribution from other defendants that acted in concert." *Id.* It follows, then, that if Southern Ohio and CMH Homes conspired with each other to pursue a common plan to commit a tortious act or omission, CMH Homes may still prevail on a claim for contribution against Southern Ohio.

While the facts before the Court are clearly insufficient to actually resolve this ambiguity at the motion to dismiss stage, the Court looks to the Amended Complaint to determine if Plaintiffs have alleged the existence of a conspiracy. The answer is obvious enough, as Count IV of the Amended Complaint is a claim for "Civil Conspiracy to Commit Fraud." *Am. Compl.*, at ¶¶ 44– 46. Plaintiffs allege that Defendants' "fraudulent and intentional concealment as alleged herein arises to the level of civil conspiracy" involving "knowingly and willingly orchestrat[ing] a fraudulent plan or scheme to conceal [the home's defective] conditions." *Id.* at ¶ 46. Simply put, this is precisely the sort of conscious conspiracy to commit a tortious act or omission that is expressly excepted from the statutory bar against contribution. *See* W. Va. Code § 55-7-13c(a). As such, Southern Ohio's motion must be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Southern Ohio's motion, ECF No. 26, and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     February 6, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE