IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TERMAINE BATEMAN and
BRANDI BATEMAN, on their own
behalf and on behalf of their minor child
ARIYANNA BATEMAN,

                Plaintiffs,

v.                                                 CIVIL ACTION NO.  3:19-0449

CMH HOMES, INC. d/b/a CLAYTON HOMES,
a Tennessee Corporation, and
SOUTHERN OHIO CONSTRUCTION, LLC,
an Ohio Corporation,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' "Motion for Leave to File Second Amended Complaint" (ECF NO. 90). Plaintiffs argue that there is good cause to amend the complaint because their previous counsel withdrew in December 2020, and because the "Second Amended Complaint better addresses the legal issues being contested in this case." According to Plaintiffs, the SAC reframes certain causes of action to reflect West Virginia statues, consolidates two fraud claims into one, and adds new claims (Breach of Express Warranty, Unconscionability, and Unfair or Deceptive Acts or Practices).[1]

---

[1] The First Amended Complaint brings four causes of action: (1) negligent construction; (2) breach of implied duty to construct building in a fit and workmanlike manner; (3) fraud or intentional concealment; and (4) civil conspiracy to commit fraud. ECF No. 18.
    The Second Amended Complaint brings eight causes of action: (1) Breach of Express Warranties; (2) Breach of Implied Warranty of Merchantability; (3) Breach of Implied Warranty of Fitness; (4) Breach of Contract & Duty of Good Faith; (5) Unconscionability; (6) Common Law Negligence; (7) Unfair or Deceptive Acts or Practices; and (8) Common Law Fraud and Misrepresentation. ECF No. 90-1.

Federal Rule of Civil Procedure 15(a)(2) provides that a plaintiff may amend the complaint with the opposing party's written consent or with the leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Fourth Circuit has interpreted this language liberally, ruling that leave to amend "should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original).

Although a change in representation may warrant amending the complaint in some circumstances, Plaintiffs' request is simply too late. With discovery and dispositive deadlines due in less than two weeks, the Court finds that granting Plaintiffs' motion would unfairly prejudice Defendants. Plaintiffs have not demonstrated that this prejudiced is outweighed by any bad faith on the part of Defendants, nor have Plaintiffs offered any explanation for the three month delay between the change in counsel and the pending motion. The Motion for Leave to Amend (ECF NO. 90) is, therefore, **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:    April 5, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE